MYRTLE G. LINKOUS, ASSIGNEE OF G. K. LINKOUS, TRADING AS "LINKS" OF DANVILLE, VIRGINIA v. J. B. MILLNER.

(Filed 24 May, 1961.)

APPEAL by plaintiff from *Johnston, J.,* March Civil Term 1961 of CASWELL.

This action was instituted by the plaintiff as the assignee of her deceased husband who, prior to his death in March 1958, did business under the name of "LINKS."

The plaintiff alleges in her complaint that certain goods were sold and delivered to the defendant by "LINKS." The defendant in his answer denies having received the goods. Invoices, one dated 30 July 1957 itemizing certain goods allegedly sold and delivered to the defendant in the sum of $50.38, and another dated 23 August 1957 covering items allegedly sold and delivered to the defendant in the sum of $207.00, were introduced in evidence by the plaintiff.

Plaintiff's evidence tends to show that one William Batterman, the delivery man in the employment of "LINKS" at the time the goods were allegedly sold and delivered, is dead. The plaintiff's evidence further tends to show that no signature or receipt was obtained from the defendant or any of his agents or employees, and that such signature was ordinarily obtained upon delivery of goods.

The plaintiff and J. M. McFarling, the employee of "LINKS" who testified he made out the invoices introduced in evidence, testified that they did not know whether the goods were delivered to the defendant or not.

The defendant testified that he did not receive the goods and could not find among his records any invoice or invoices therefor.

The cause was submitted to the jury on an appropriate issue, which the jury answered in favor of the defendant. From the judgment entered on the verdict the plaintiff appeals, assigning error.

*D. Emerson Scarborough for plaintiff.*
*No counsel contra.*

PER CURIAM. A careful consideration of the assignments of error set out in the record on this appeal, fails to reveal any prejudicial error that would justify disturbing the result of the trial below.

No error.